IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ZACHARY CARTER,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-25-CV-259-LS |
| ERIC GUERRERO, Director,<br>Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Zachary Carter challenges Respondent Eric Guerrero's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] His opposed petition is denied.

## BACKGROUND AND PROCEDURAL HISTORY

Carter is a 28-year-old state prisoner at the Alfred Hughes Unit in Gatesville, Texas, serving a 23-year sentence for murder.[2] His projected release date is February 21, 2043. *Id*.

Carter was convicted by a jury for a shooting in El Paso, Texas, on the evening of February 21, 2020.[3] According to Carter's testimony, he shot Joseph Jimenez in defense of himself and a minor near the home of Peter Garcia:

> [Carter claimed he] saw Jimenez, who was acting "[v]ery aggressive[ly]," rip his shirt off, and saw Garcia chase after D.N.[4] [He] told everyone to "just stop," but because nobody paid attention, [he] fired one round [from his handgun] into the air

---

[1] Pet'r's Pet., ECF No. 2. "ECF No." refers to the Electronic Case Filing number for documents docketed in this cause. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] *See* Texas Department of Criminal Justice (TDCJ), Inmate Information Details, https://inmate.tdcj. texas.gov /InmateSearch (search for TDCJ No. 02388058, last visited April 18, 2026).

[3] *Carter v. State*, No. 08-22-00151-CR, 2023 WL 3400589, at *1 (Tex. App. May 11, 2023), *pet. for discretionary review ref'd* (Aug. 23, 2023), *reh'g on pet. for discretionary review denied* (Sept. 27, 2023).

[4] Because D.N. was a juvenile at the time of trial, the state court used his initials to protect his identity. *See* Tex. R. App. P. 9.10.

hoping to stop the fight. The fight got worse, so [he] fired another round. [He] told D.N. to get in [Carter's car], and D.N. got in with Jimenez in pursuit. [He] moved out of the way so D.N. could get in. Seeing Jimenez and Garcia chasing D.N., [he] fired another two rounds into the air hoping to discourage Jimenez and Garcia from coming closer. D.N. got into the [car], and Jimenez and Garcia reached in and began punching him. … [He] saw Garcia reaching for the car door, and [he] decided to aim his handgun at Garcia and Jimenez. … Garcia backed away, but Jimenez, who was approximately six or seven feet away, looked at [him] with a "scary" look of "rage" in his eyes. [He] hesitated to shoot, but when Jimenez turned and "lunge[d] forward" at him, [he] fired.[5]

The jury rejected Carter's self-defense and defense of third person arguments and he was found guilty.[6]

On appeal, Carter argued "the evidence [was] legally insufficient to support his conviction because the State failed to disprove that he acted in self-defense."[7]

The Texas Eighth Court of Appeals observed:

There is no dispute [Carter] intended to shoot Jimenez, committed an act clearly dangerous to human life by shooting Jimenez, and knew he could cause Jimenez to die or suffer serious bodily injury by shooting him. [Carter] admitted these facts during cross-examination at trial. [Carter] also acknowledged his handgun was a deadly weapon. Along with the other witness testimony and evidence presented at trial, [Carter's] admissions are sufficient to prove the elements of murder under at least one of the State's alleged theories.[8]

It concluded that "the record contains legally sufficient evidence to allow a rational jury to find *against* [Carter's] claims of self-defense and defense of a third party beyond a reasonable doubt.

---

[5] *Id.* at *3–*4.
[6] *Id.* at *9.
[7] *Id.* at *1.
[8] *Id.* at *7. *See Gee v. Davis*, No. 4:18-CV-469-A, 2019 WL 2996449, at *5 (N.D. Tex. July 9, 2019) ("A defendant has the burden of producing some evidence to support a claim of self-defense. After the defendant has introduced some evidence of a defense, the State bears the burden of persuasion to disprove it. This burden does not require the State to produce evidence disproving the defense; it requires only that the State prove its case beyond a reasonable doubt. To determine the sufficiency of the evidence involving a self-defense claim, we ask whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt and also could have found against the [petitioner] on the self-defense issue beyond a reasonable doubt. A guilty verdict is an implicit finding rejecting self-defense.").

Accordingly, we overrule [Carter's] sole issue."[9] The Texas Court of Criminal Appeals subsequently denied Carter's state writ application without written order.[10]

Carter now asserts three claims in his federal habeas petition.[11] First, he maintains that he is innocent.[12] He insists that "self-defense is not self-incrimination."[13] He claims that "overwhelming evidence exists within the record proving justifiable homicide." He argues that the Court of Appeals' analysis of the evidence was unreasonable. Second, he claims that his counsel provided ineffective assistance.[14] He argues that "no lawyer could have effectively provided counsel by having a firm command of the facts of the case as well as the law … due to Covid 19." Third, he asserts that the prosecutor engaged in misconduct.[15] He claims the prosecutor wrongly accused him of being part of a robbery against Garcia, coerced Garcia into saying Jimenez was not a threat, accused him of being a liar, and used his right to bear arms against him although he had a valid concealed carry license. He asks the Court to order the state court to vacate the judgment and either schedule a new trial or order his release within 60 days.[16]

### APPLICABLE LAW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged."[17] It "is designed to guard against extreme malfunctions in the state criminal justice system."[18] It may be granted by a federal court pursuant to 28 U.S.C.

---

[9] *Id.* at *9 (emphasis added).

[10] *Ex parte Carter*, WR-96,272-01, Postcard Denial (Tex. Crim. App. March 5, 2025), ECF No. 12-23.

[11] Pet'r's Pet., ECF No. 1 at 5, 9.

[12] *Id.* at 5.

[13] *Id.* at 6.

[14] *Id.* at 10.

[15] *Id.* at 12.

[16] *Id.* at 19.

[17] *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993).

[18] *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

§ 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."[19] It may not be granted to correct errors of state constitutional, statutory, or procedural law.[20]

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides that claims filed under § 2254 are subject to a one-year statute of limitations.[21] The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court … and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[22] The limitations period is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[23]

The limitations period is not jurisdictional and is subject to equitable tolling.[24] The petitioner has the burden of proving an entitlement to equitable tolling.[25] "'Equity is not intended for those who sleep on their rights.'"[26] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of

---

[19] 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973).

[20] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[21] 28 U.S.C. § 2244(d)(1).

[22] *Id.* §§ 2244(d)(1)(A)−(D).

[23] *Id.* § 2244(d)(2).

[24] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[25] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[26] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

his claim.'"[27] To satisfy his burden, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion.[28]

## ANALYSIS

As an initial matter, Carter does not suggest that any unconstitutional "State action" prevented him from filing for federal habeas corpus relief prior to the end of the limitations period.[29] His petition does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[30] He has not shown that he could not have discovered the factual predicate of his claims before his conviction became final.[31] Finally, he did not file his federal petition within one year after his conviction became final.[32]

Carter's petition for discretionary review was refused by the Texas Court of Criminal Appeals and his motion for rehearing was denied on September 27, 2023.[33] Thus, his conviction became final ninety days later when the time to file a petition for writ of certiorari expired on December 26, 2023.[34] The one-year limitation period for Carter to file a federal petition expired one year later, on December 26, 2024, absent tolling.[35]

Carter apparently believed his petition was timely because the Court of Criminal Appeals

---

[27] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

[28] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[29] 28 U.S.C. § 2244(d)(1)(B).

[30] *Id*. § 2244(d)(1)(C).

[31] *Id*. § 2244(d)(1)(D).

[32] *Id.* § 2244(d)(1)(A).

[33] *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) ("A direct appeal is final when the mandate from the court of appeals issues."); Pet. for Discretionary Review (Postcard Notice), ECF No. 12-19; Pet. for Discretionary Review (rehearing denied), ECF No.12-21.

[34] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (explaining that finality is determined by the expiration of time for filing further appeals); Sup. Ct. R. 13(3); Fed. R. Civ. Proc. 6.

[35] 28 U.S.C. §2244(d)(1)(A).

did not deny his state writ application until March 5, 2025.[36] But he was wrong. His state writ application did toll the limitations period for 122 days between the day he filed it on November 3, 2024, and the day it was denied on March 5, 2025.[37] Adding those 122 days to the original deadline of December 26, 2024, Carter's deadline to file the instant federal petition was April 28, 2025. The instant federal petition, filed at the earliest on June 5, 2025, was more than a month late.[38]

Moreover, Carter falls far short of exhibiting reasonable diligence in challenging his sentence as he did not file his state writ application until November 3, 2024, more than a year after the Court of Criminal Appeals denied his petition for reconsideration on September 27, 2023.[39] And he does not identify any external factors beyond his control which caused his delay. Even under liberal construction, Carter's pleadings do not suggest any "rare and exceptional circumstances" prevented him from submitting his § 2254 petition within the one-year limitations period. As a result, he has not shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2254 motion.[40]

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[41] He may not receive a certificate of

---

[36] Pet'r's Pet., ECF No.  at 17–18.

[37] *Ex parte Carter*, WR-96,272-01, State Writ Application, ECF No. 12-22 at 1075 (mailing date of November 3, 2024); *id*., Postcard Notice, ECF No. 12-23 (denial date of March 5, 2025).

[38] Pet'r's Pet., ECF No. 2 at 19; *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (explaining a *pro se* prisoner's habeas corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[39] State Writ Application, ECF No. 12-22 at 1075; Pet. for Discretionary Review (Rehearing Denied), ECF No.12-21.

[40] *Lawrence*, 549 U.S. at 336.

[41] 28 U.S.C. § 2253(c)(1)(B).

appealability unless he "has made a substantial showing of the denial of a constitutional right."[42] He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits.[43] He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds.[44]

The Court will not issue a certificate of appealability because reasonable jurists could not debate the Court's reasoning for dismissing Carter's claims as untimely.[45]

## CONCLUSIONS AND ORDERS

The Court concludes that Carter's claims are time-barred and that he is not entitled to equitable tolling. The Court further concludes that Carter is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Zachary Carter's "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF No. 2) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Zachary Carter is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

---

[42] *Id*. § 2253(c)(2).
[43] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
[44] *Id*.
[45] *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 27th day of April 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

8